# EXHIBIT A

⏚ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BALDWIN COUNTY, GEORGIA

**SUCV2021050011**

JJOASP

APR 23, 2021 10:44 AM

Mitch Longino, Clerk
Baldwin County, Georgia

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

**AMY WRIGHT,**                                        :
                                                      :
      **Plaintiff,**                             :
                                                      :
**vs.**                                               :    **CIVIL ACTION NO.** _____
                                                      :
**GEORGIA CVS PHARMACY, L.L.C.,**  :
**CVS HEALTH SOLUTIONS, L.L.C.,**  :
**CVS PHARMACY, INC., and**                           :
**CVS PHARMACY STORE #4251,**                         :
                                                      :
      **Defendants.**                            :

## COMPLAINT

COMES NOW Plaintiff Amy Wright, and for her Complaint against Georgia CVS

Pharmacy, LLC, CVS Health Solutions, LLC, CVS Pharmacy, Inc., and CVS Pharmacy

Store #4251, alleges and states as follows:

1.

Defendant CVS Pharmacy, Inc. is a Foreign Profit Corporation formed under the

laws of the State of Rhode Island. The Defendant, CVS Pharmacy, Inc., is authorized

to do business in the State of Georgia. The Defendant's registered agent is CT

Corporation System located at 289 S. Culver Street, Gwinnett County, Lawrenceville,

Georgia 30046. The Plaintiff further shows that the Defendant purposefully established

continuous and systematic contacts within the State of Georgia and that these contacts

triggered the event that is the subject matter of this litigation. International Shoe Co. v.

Washington, 326, U.S. 310, Burger King v. Rudzewicz, 471 U.S. 462, Allstate Ins. Co. v.

Klein, 262 Ga. 599. Accordingly, the Defendant is subject to the jurisdiction and venue

of this Honorable Court. Defendant may be served by delivering a copy of the

Summons and Complaint to its registered agent for service of process at the aforementioned address.

2.

Defendant Georgia CVS Pharmacy, L.L.C. is a Domestic Limited Liability Company formed under the laws of the State of Georgia. The Defendant, Georgia CVS Pharmacy, L.L.C., is authorized to do business in the State of Georgia. The Defendant's registered agent is CT Corporation System located at 289 S. Culver Street, Gwinnett County, Lawrenceville, Georgia 30046. Accordingly, the Defendant is subject to the jurisdiction and venue of this Honorable Court. Defendant may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process at the aforementioned address.

3.

Defendant CVS Health Solutions, L.L.C. is a Domestic Limited Liability Company formed under the laws of the State of Georgia. The Defendant, CVS Health Solutions, L.L.C., is authorized to do business in the State of Georgia. The Defendant's registered agent is CT Corporation System located at 289 S. Culver Street, Gwinnett County, Lawrenceville, Georgia 30046. Accordingly, the Defendant is subject to the jurisdiction and venue of this Honorable Court. Defendant may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process at the aforementioned address.

4.

Defendant CVS Pharmacy Store #4251 is located at 423 S. Wayne Street, Milledgeville, Georgia. The Defendant, CVS Pharmacy Store #4251, is authorized to do

business in the State of Georgia. The Defendant's registered agent is CT Corporation System located at 289 S. Culver Street, Gwinnett County, Lawrenceville, Georgia 30046. Accordingly, the Defendant is subject to the jurisdiction and venue of this Honorable Court. Defendant may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process at the aforementioned address.

5.

All of said Defendants are subject to the venue and jurisdiction of this Court.

6.

On April 25, 2019, Amy Wright was preceding to get out of her car in the parking of the Defendants' store located at 423 S. Wayne Street, Milledgeville, Georgia . At the time of the incident which is the subject of Ms. Wright's Complaint, Ms. Wright was an invitee of CVS Pharmacy Store #4251.

7.

As Ms. Wright exited her vehicle and stepped over the curb and onto the grassy median, she stepped into a hole which was not readily visible to her as it was overgrown and covered with grass. Ms. Wright fell violently to the ground causing her serious bodily injury.

8.

Defendants' agents, servants, and employees failed to properly inspect and maintain the shopping center parking lot where the incident occurred, and which was owned and/or operated by said Defendants.

3

9.

Defendants owed Ms. Wright and all invitees a duty of ordinary care in the maintenance of its premises and a duty to keep the premises safe and to maintain a danger free area with no inherently dangerous conditions. Defendants by virtue of the facts alleged here in, breached that duty to Ms. Wright and were otherwise negligent.

10.

The proximate cause of the injuries and damages sustained by Ms. Wright was the negligence of Defendants in failing to discharge their respective responsibilities in regard to maintaining safe conditions of the above-described area of the parking lot while customers and invitees, including Ms. Wright, were present; and Defendants were negligent in at least the following particulars:

    a)    in failing to properly secure the premises of their parking lot during business hours and while customers/invitees were present or properly identify and warn customers/invitees, including Ms. Wright, of the unsafe and dangerous condition located on the premises;

    b)    in failing to maintain the premises of the parking lot in a safe condition;

    c)    in failing to properly inspect the premises of the parking lot to ensure the premises were in a safe condition; and

    d)    in failing to warn or guard invitees, including Ms. Wright, in any way whatsoever of the unsafe condition on the premises.

11.

At all times pertinent hereto, Defendants and their agents and/or employees had knowledge of the unsafe condition of the shopping center parking lot at all times prior to

Ms. Wright being injured, the same being unknown to Ms. Wright.

12.

At all times pertinent hereto, Ms. Wright was exercising ordinary care for her own safety.

13.

As a result of the negligence of Defendants, Plaintiff is entitled to recover for her damages from Defendants, as permitted by law.

14.

As a proximate result of Defendants' negligence, Ms. Wright suffered severe, painful, and partially disabling injuries. These injuries have caused Ms. Wright to incur medical expenses in an approximate amount of $12,922.06, and which Ms. Wright will continue to incur in the future.

15.

Ms. Wright has experienced and will continue to experience severe physical pain and suffering as the result of her injuries for which she is entitled to recover damages from the Defendants in an amount to be determined at trial by the enlightened conscience of the jury.

16.

Apart from her physical pain and suffering, Ms. Wright's injuries have caused and will continue to cause her severe mental pain and suffering.

17.

Defendants are liable and responsible for Ms. Wright's injuries and damages.

WHEREFORE, Plaintiff prays as follows:

a)      That process and summons be issued to the Defendants;

b)      That she recovers damages sufficient to compensate her for the mental and physical pain and suffering she has experienced, continues to experience, and will experience into the future;

c)      That she have judgment against the Defendants in a sufficient amount to compensate her for the medical expenses incurred and which will be incurred in the future;

d)      That the costs of this action be taxed against Defendants;

e)      That she have trial by jury on all issues so triable;

f)      That she have such other and further relief as the Court deems just and proper.

This 23rd day of April, 2021.

/s/ D. JAMES JORDAN
D. JAMES JORDAN
Georgia Bar No. 404465


/S/ Hannah H. Gabriel
Hannah H. Gabriel
Georgia Bar No. 173525
Attorneys for Plaintiff

Adams, Jordan & Herrington, PC
115 E. McIntosh Street
Post Office Box 1370
Milledgeville, GA 31059-1370
478-453-3997 (phone)
478-452-4880 (fax)
jjordan@adamsjordan.com
hgabriel@adamsjordan.com

6

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BALDWIN COUNTY, GEORGIA

**SUCV2021050011**
JJOASP
APR 23, 2021 10:44 AM

Mitch Longino, Clerk
Baldwin County, Georgia

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

AMY WRIGHT,         :

      **Plaintiff,**    :

               :

**vs.**              :      **CIVIL ACTION NO. _____**

               :

**GEORGIA CVS PHARMACY, L.L.C.,** :

**CVS HEALTH SOLUTIONS, L.L.C.,**  :

**CVS PHARMACY, INC., and**     :

**CVS PHARMACY STORE #4251,**   :

               :

      **Defendants.**    :

## CERTIFICATE RELATING TO SERVICE OF DISCOVERY DOCUMENTS WITH COMPLAINT

I certify that I have served the following documents by attaching copies to the service copies of the Summons and Complaint to be personally served on Defendants:

1) Plaintiff's First Interrogatories to Defendant Georgia CVS Pharmacy, LLC;

2) Plaintiff's First Request for Production of Documents to Defendant Georgia CVS Pharmacy, LLC;

3) Plaintiff's First Interrogatories to Defendant CVS Health Solutions, LLC;

4) Plaintiff's First Request for Production of Documents to Defendant CVS Health Solutions, LLC;

5) Plaintiff's First Interrogatories to Defendant CVS Pharmacy, Inc.;

6) Plaintiff's First Request for Production of Documents to Defendant CVS Pharmacy, Inc.;

7) Plaintiff's First Interrogatories to Defendant CVS Pharmacy Store #4215; and

8) Plaintiff's First Request for Production of Documents to Defendant CVS Pharmacy Store #4251.

This 23rd day of April, 2021.

/s/ D. JAMES JORDAN
D. JAMES JORDAN
Georgia Bar No. 404465

/s/ HANNAH H. GABRIEL
HANNAH H. GABRIEL
Georgia Bar No. 173525
Attorneys for Plaintiff

ADAMS, JORDAN & HERRINGTON, P.C.
Post Office Box 1370
115 East McIntosh Street
Milledgeville, GA   31059-1370
(478) 453-3997
jjordan@adamsjordan.com
hgabriel@adamsjordan.com

2

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

AMY WRIGHT,                                          :
                                                    :
            Plaintiff,                              :
                                                    :
vs.                                                 :        CIVIL ACTION NO. SUCV2021050011
                                                    :
GEORGIA CVS PHARMACY, L.L.C.,                       :
CVS HEALTH SOLUTIONS, L.L.C.,                       :
CVS PHARMACY, INC., and                             :
CVS PHARMACY STORE #4251,                           :
                                                    :
            Defendants.                             :

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT GEORGIA CVS PHARMACY, L.L.C.

COMES NOW, Amy Wright, Plaintiff in the above captioned case, and files this her First Interrogatories to Defendant Georgia CVS Pharmacy, L.L.C., in the above captioned case, who is to produce for copying the following items, to be answered fully, completely and under oath within forty-five (45) days of service, as provided by law:

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following interrogatories, separately and fully in writing and under oath, and to serve your answers upon counsel for Plaintiff within the time required by law. If you object to a portion of any interrogatory, answer each such interrogatory fully to the extent such objection does not apply. If you are unable to answer any part of any interrogatory, answer the remaining parts as fully as possible and state which parts you are unable to answer.

As used herein, the term "documents" means and includes all writings of any kind, including both the originals of such writings and all non-identical copies (whether

different from the originals by reason of any notation made on such copies or otherwise), including, but not limited to, correspondence, memoranda, notes, diaries, notebooks, ledgers, letters, telegrams, minutes, contracts, offers, reports, studies, surveys, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, records of any sort of conversations, telephone calls, meetings or other communications, bulletins, computer printouts, teletypes, telecopies, invoices, worksheets, graphic or aural records for representations of any kind (including, but not limited to, photographs, negatives, undeveloped exposures of photographic film, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures) and electronic or mechanical records or representations of any kind (including, but not limited to, tapes, cassettes, disks, and records).

As used herein, the term "identify" means:

a)    When used with respect to a natural person, to state that person's full name, business and residential addresses and telephone numbers, employer, and job title or profession;

b)    When used with respect to a corporation, government agency, or their business or governmental entity, to state the full name and address of said entity:

c)    When used with respect to a document, to describe briefly the nature of said document and to state the date it was prepared, the identity of the person who prepared it, the identity of the sender and recipient (if applicable) and the identity of the person or persons who now have possession, custody, or control of said document; and

d)    When used with respect to a communication to state the date of such communication, the manner in which it was accomplished (i.e., whether written or oral,

2

and if oral, whether face-to-face or by telephone), to identify all persons who were parties to such communication or present when it occurred, to state the substance of such communication and to identify all documents which evidence the substance of such communication.

### Interrogatory No. 1:

Please state whether anyone, including but not limited to Plaintiff, has complained to you, your employees and/or agents, at any time about the condition of the parking lot near or around the area where the incident occurred.  If so, describe each and every occasion a complaint has been made, including a full description of the details provided.

### Interrogatory No. 2:

Identify all individuals working in your Milledgeville, Georgia store located at 423 S. Wayne Street, Milledgeville, Georgia, on April 25, 2019.

### Interrogatory No. 3:

If you contend that warning signs were put up by you or any of the other named Defendants before the incident that is the subject of Plaintiff's Complaint, please identify the name of those employees or agents who put up such warning signs or warning cones and state if those individuals are still employed by CVS.

### Interrogatory No. 4:

If there were employees in the vicinity of Plaintiff's fall, please identify those persons.

### Interrogatory No. 5:

Was an incident report prepared by or for Defendant concerning the matters referred to in Plaintiff's complaint?  If there was such an incident report, please identify the person(s) making the report and describe the incident report as to each and every word therein, or in lieu thereof, please attach a copy of the incident report to your responses to these interrogatories.

### Interrogatory No. 6:

Identify each individual who was responsible for maintenance and/or inspecting of the area of the parking lot as shown in Plaintiff's Complaint on the date of the incident which is alleged in the Plaintiff's Complaint.

### Interrogatory No. 7:

Please state whether there existed, prior to the incident which is the subject of the Plaintiff's complaint, any procedure or program for the regular inspection of the Defendant's parking lot located at 423 S. Wayne Street, Milledgeville, Georgia and whether such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof.  If so, set forth a general description of each such procedure or program, including the following:

a) the identity of each person charged with the responsibility for implementing and conducting each such procedure;

b) the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

c) whether such procedure and/or program was reduced to a writing and, if so, please provide the identity of the present custodian of each such writing,

4

accompanied by descriptive nomenclature sufficient to identify each such writing in a notice to produce;

d) whether the procedure or program was followed on the date of the subject incident;

e) whether there existed, pursuant to each such procedure or program, a methodology by which the findings of each such inspection would be reduced to writing;

f) and, the name, business and residence name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to this interrogatory.

### Interrogatory No. 8:

Please set forth, in specific detail, your understanding, if any, as to how the Plaintiff was injured or allegedly injured while walking through Defendant's parking lot.

### Interrogatory No. 9:

Identify each individual who has or may have material or relevant knowledge or information concerning the facts at issue in this action and, for each such individual, summarize the information such individual has knowledge of.

### Interrogatory No. 10:

If you deny any statement contained in any paragraph of the complaint, then for each such denial, specify by reference to such paragraph all facts upon which you base such denial, and identify each individual who has knowledge of the facts or information upon which the you base such denial.

5

### Interrogatory No. 11:

Identify the individual(s) answering these interrogatories.

### Interrogatory No. 12:

If the claim asserted against you in this action is or may be covered by any liability insurance policy, state the name of the company providing coverage, the limits of coverage, and whether such company has acknowledged that coverage exists for the incident in question.

### Interrogatory No. 13:

Identify each person whom you expect to call as an expert witness at trial and for each such person state the subject matter on which said witness is expected to testify, the substance of the facts or opinions to which the witness is expected to testify, and a summary of the grounds for each such opinion.

### Interrogatory No. 14:

Identify each person, firm or corporation who has investigated the incident referred to in the complaint, and identify all written or recorded statements and reports of any kind relating or pertaining to such investigations.

### Interrogatory No. 15:

Identify all documents or other tangible items which evidence any fact or circumstance relating to the claims asserted in this action, including, but not limited to, the circumstances of the occurrence and proof or lack of proof of the alleged damages.

### Interrogatory No. 16:

If you, Plaintiff or any individual identified herein has made or given a statement, whether written or recorded, provide the following information:

a)   The date of such statement;

b)   Who was present when it was made;

c)   Whether it was written or recorded; and

d)   The substance and content thereof.

## Interrogatory No. 17:

Identify all photographs and videotapes which you have obtained concerning the incident complained of in the complaint.

## Interrogatory No. 18:

With regard to each affirmative defense raised in your answer, please provide the following information:

a)   State each fact upon which you base the defense;

b)   Identify each individual with knowledge of each such fact; and

c)   Identify each document which evidences each fact upon which you base the defense.

## Interrogatory No. 19:

Was a videotape recording made of Plaintiff's fall or the area of Plaintiff's fall either before or after the fall? If so, please provide a copy.

## Interrogatory No. 20:

If you contend the Defendant is improperly designated herein, please state the correct name and address of the entity that owned and operated the CVS located at 423 S. Wayne Street, Milledgeville, Georgia at the time of the incident complained of, including the registered agent for service of process of such entity.

**Interrogatory No. 21:**

If you assert that service of process is deficient in this action, state the basis of your assertion.

**Interrogatory No. 22:**

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at your premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so:

(a) Sate the date you acquired such knowledge and/or information;

(b) State what knowledge and/or information you had;

(c) Identify the person(s) who made such knowledge and/or information known to you;

(d) State whether any remedial and/or corrective action was taken based upon such knowledge;

(e) Identify the person(s) who took any such remedial and/or corrective action, and state the date thereof; and,

(f) Identify any documents, reports, or correspondences relating to such condition and/or corrective action.

This 23rd day of April, 2021.

/S/ D. James Jordan
D. James Jordan
Georgia Bar No. 404465


/S/ Hannah H. Gabriel
Hannah H. Gabriel
Georgia Bar No. 173525
Attorneys for Plaintiff

**Adams, Jordan & Herrington PC**
**115 E. McIntosh Street**
**Post Office Box 1370**
**Milledgeville, Georgia 31059-1370**
**478-453-3997**
**jjordan@adamsjordan.com**
**hgabriel@adamsjordan.com**

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| AMY WRIGHT, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION NO. SUCV2021050011** |
| | : | |
| **GEORGIA CVS PHARMACY, L.L.C.,** | : | |
| **CVS HEALTH SOLUTIONS, L.L.C.,** | : | |
| **CVS PHARMACY, INC., and** | : | |
| **CVS PHARMACY STORE #4251,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GEORGIA CVS PHARMACY, L.L.C.

COMES NOW, Amy Wright, Plaintiff in the above captioned case, and files this her First Request for Production of Documents to Defendant Georgia CVS Pharmacy, L.L.C., in the above captioned case, who is to produce for copying the following items, to be answered fully, completely and under oath within forty-five (45) days of service, as provided by law:

Pursuant to O.C.G.A. § 9-11-34, you are requested to produce and allow inspection and copying of the documents and tangible things designated below that are in your possession, custody or control.

As used herein the terms "you or your" refers to Defendant and its employees, agents, adjusters, and attorneys.

If the original of a document or tangible thing is within your possession, custody or control, please produce the original. If the document or tangible thing is not within your possession, custody or control, produce each copy of the original that is in your

possession, custody or control. All earlier drafts of final documents, and any copy of a document or earlier draft on which any notation, addition, alteration or change has been made is to be treated as constituting an additional original document. Each model or form of a tangible thing is also to be produced.

If, in response to any request for production, you assert a claim of privilege, or any other reason, in support of your refusal to produce documents, please identify each such document, note the failure to produce the document or some part of it and the reason, and then comply with the request to the extent that the privilege or other reason does not apply to particular documents or parts thereof.

The documents and tangible things designated for production are as follows:

### Request to Produce No. 1:

Any and all documents (including but not limited to invoices, estimates, recommendations, etc.) for work done or in contemplation of repair of the area shown in the picture made a part of Plaintiff's Complaint and inspections of the area in the last three (3) years prior to the subject incident.

### Request to Produce No. 2:

Any premises or general liability insurance policy, along with declaration sheet, that was in force at the time of the incident, which might extend coverage for the Plaintiff's claim for damages.

### Request to Produce No. 3:

Any policy of insurance which provides medical payment coverage for expenses incurred by the Plaintiff as a result of the subject incident, without regard to fault.

### Request to Produce No. 4:

Any accident or incident report prepared by any employee, officer or representative of the Defendant in conjunction with the report and initial investigation of the subject incident.

### Request to Produce No. 5:

Any statement provided to Defendant by Plaintiff.

### Request to Produce No. 6:

Any and all reports, whether written or otherwise recorded, made by any expert or experts whom the Defendant expects to call as an expert at trial.

### Request to Produce No. 7:

Any and all documents referred to by Defendant in responding to the Plaintiff's interrogatories.

### Request to Produce No. 8:

Any and all documents reflecting payment by or for the benefit of Defendant of any of Plaintiff's medical expenses.

### Request to Produce No. 9:

All documents identified or asked to be identified in your response to Interrogatory No. 14.

### Request to Produce No. 10:

All documents identified or asked to be identified in your response to Interrogatory No. 15.

3

### Request to Produce No. 11:

All documents identified or asked to be identified in your response to Interrogatory No. 16.

### Request to Produce No. 12:

All documents identified or asked to be identified in your response to Interrogatory No. 17, including but not limited to, any and all photographs, videotapes, or other depictions of any scene or object relating to the claims asserted in the complaint.

### Request to Produce No. 13:

All documents identified or asked to be identified in your response to Interrogatory No. 18.

### Request to Produce No. 14:

All documents identified or asked to be identified in your response to Interrogatory No. 22.

### Request to Produce No. 15:

Please produce copies of any and all ground leases, deeds, and/or other agreements that evidence Defendant's ownership, leasehold, or other interest in the property located at 423 South Wayne St, Milledgeville, GA (also known as the location of CVS Store No. 4251).

This 23rd day of April, 2021.

/S/ D. James Jordan
D. James Jordan
Georgia Bar No. 404465

/S/ Hannah H. Gabriel
Hannah H. Gabriel
Georgia Bar No. 173525
Attorneys for Plaintiff

Adams, Jordan & Herrington PC
115 E. McIntosh Street
Post Office Box 1370
Milledgeville, Georgia 31059-1370
478-453-3997
jjordan@adamsjordan.com
hgabriel@adamsjordan.com